IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 09 C 490 ) ) Judge George W. Lindberg |
| ANKOOR PATWARI, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *pro se* defendant Ankoor Patwari's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction, and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3); or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404. For the reasons stated below, the motion is denied.

**I.      Subject Matter Jurisdiction**

Defendant first argues that this diversity case should be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). In considering a motion to dismiss under Rule 12(b)(1), the Court accepts all well-pleaded facts alleged in the complaint, and draws all reasonable inferences from the facts in the plaintiff's favor. See St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007), cert. denied 128 S. Ct. 2431 (2008). The Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999)). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." United

Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003).

A federal court has subject matter jurisdiction over cases in which the parties are of diverse citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1132(a)(1). Defendant concedes that diversity of citizenship exists in this case, but disputes plaintiff's allegation in the complaint that the amount in controversy exceeds $75,000.

Plaintiff alleges in its amended complaint that in 2006, it leased equipment to First Hudson Hotdogs LLC dba Nathan's Famous ("First Hudson Hotdogs").[1] Defendant, a member of First Hudson Hotdogs, guaranteed the performance of First Hudson Hotdogs under the equipment lease. First Hudson Hotdogs failed to make rental payments to plaintiff. The amended complaint alleges that under the lease, plaintiff is entitled to recover the entire amount due, including the residual value of the equipment and interest. According to the amended complaint, the rental payments and residual value total at least $82,763.05, not including interest.

Defendant disputes plaintiff's calculation of the residual amount due as $18,648.66. He argues that the residual value should instead be calculated at $1, which represents a buyout option under the lease. According to defendant, if the residual amount is reduced in this manner, the total amount due would not exceed $75,000.

Plaintiff responds that neither First Hudson Hotdogs nor defendant is entitled to exercise the buyout provision because First Hudson Hotdogs is in default under the lease. Written instruments attached to a complaint are part of the complaint, and may be considered in evaluating a motion to dismiss. See Fed. R. Civ. P. 10(c); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). The lease agreement, which was attached to the

---

[1] First Hudson Hotdogs, which is in bankruptcy, is not a party to this action.

amended complaint, provides:

> 14. Remedies: If Lessee is in default under this Lease, then Lessor at its sole election, shall have the right to exercise any or all of the following with or without notice: . . . 3) accelerate all sums due or to become due, including the residual value of the Equipment and Lessee agrees that the Equipment residual value for all purposes under this Lease shall be at Lessor's sole election, a) the then fair market value of the Equipment, or b) liquidated at 25% of the original cost of the Equipment to Lessor, with all amounts due hereunder payable forthwith upon Lessor's demand . . . .

The buyout option, which plaintiff omitted from the lease documents attached to the amended complaint, but attached to its response to the motion to dismiss, states:

> 1. Subject to the Lessee having made to the Lessor or its assignee all lease rental payments due, the Lessee shall have the option to purchase all, but not less than all, of the equipment described in the Lease at the end of the Initial Term of the Lease for one U.S. Dollar ($1.00). If the Lessee fails to make all such payments when due, this purchase option is void.

Assuming the truth of the allegation in the amended complaint that First Hudson Hotdogs is in default under the lease, the buyout option would not apply to reduce the potential damages.

Defendant also argues that since the lease does not specifically assert that joint and several liability applies, he is only responsible for half of the amount due, while the other member of First Hudson Hotdogs (who is not a party here) is responsible for the remainder. However, defendant's personal guaranty provided: "Guarantor absolutely, irrevocably and unconditionally guarantees to Lessor all payments and other obligations under the Lease." The Court finds that for the purpose of this Rule 12(b)(1) motion to dismiss, plaintiff has adequately established an amount in controversy in excess of $75,000.

Next, defendant argues that this Court lacks subject matter jurisdiction because the lease

3

requires any disputes arising out of the lease to be submitted to arbitration. On the issue of arbitration, the lease actually provides: "At Lessor's sole election, Lessor may submit any matter arising out of or relating to this Lease, including any claim, counterclaim, setoff, or defense, to binding arbitration by The American Arbitration Association at any site of Lessor's choice." Defendant's motion to dismiss this case for lack of subject matter jurisdiction is denied.

**II.     Personal Jurisdiction and Venue**

Defendant argues that this Court lacks personal jurisdiction over him because he has no contacts with the State of Illinois, and further argues that venue is improper. Plaintiff responds that defendant consented to jurisdiction and venue here. The lease, which defendant signed, provides:

> LESSOR, LESSEE AND GUARANTOR AGREE THAT ANY ACTION ARISING UNDER OR IN CONNECTION WITH THIS LEASE OR GUARANTY MUST AT LESSOR'S OR ITS ASSIGNEE'S ELECTION BE COMMENCED ONLY IN A LOCAL, STATE, OR FEDERAL COURT LOCATED IN COOK COUNTY, ILLINOIS . . . . LESSEE AND GUARANTOR HEREBY IRREVOCABLY CONSENT TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVE ANY OBJECTION RELATING TO IMPROPER VENUE OR FORUM NON CONVENIENS TO THE CONDUCT AND PROCEEDING IN ANY SUCH COURT.

Therefore, the Court examines whether this provision is enforceable.

In a diversity case, the validity of a forum selection clause is determined by reference to the law of the jurisdiction whose law governs the rest of the dispute. IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. 2008). Here, both the lease and defendant's guaranty provided that they would be governed by Illinois law, and therefore the Court examines Illinois law on the issue.

4

Under Illinois law, a forum selection clause "is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." IFC Credit Corp. v. Rieker Shoe Corp., 881 N.E.2d 382, 389 (Ill. App. Ct. 2007). The Court considers the following factors in determining whether defendant has met his burden:

> (1) the law that governs the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and/or performance of the contract; (4) the location of the parties and their witnesses; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for.

See IFC Credit Corp. v. Rieker Shoe Corp., 881 N.E.2d at 389-90. Regarding the fifth factor, the inconvenience must cause such a severe hardship as to deny the party its day in court; "relative inconvenience has been routinely rejected as a basis for voiding forum selection clauses." See id. at 390; Dace Int'l, Inc. v. Apple Computer, Inc., 655 N.E.2d 974, 977-78 (Ill. App. Ct. 1995)

The first factor favors plaintiff, since Illinois law governs. The second factor favors neither party: plaintiff is an Illinois corporation with its principal place of business in Illinois, and defendant is a New Jersey resident. The third factor appears to favor defendant, since the lease was for equipment delivered to First Hudson Hotdogs in New Jersey (the parties offer no information as to where the lease was executed). Defendant argues that calling witnesses such as his wife and the other guarantor (both New Jersey residents) in Illinois would be "impossible" and would involve "astronomical" costs, but offers no explanation for these assertions.

As to the fifth factor, defendant has filed a financial affidavit indicating that he has just been laid off from his job, that his assets are a condominium valued at $200,000 and a car valued at $3,000, and that he is the sole source of support for his wife. Although these financial

5

circumstances would undoubtedly make litigating in Illinois far less convenient for defendant than litigating in New Jersey, the Court finds that defendant has not shown that litigating in Illinois would cause such a severe hardship that he would be denied his day in court.

Finally, as to the sixth factor, defendant does not argue that he was inexperienced in business or otherwise had significantly inferior bargaining power, and the lease transaction was large enough that he would be expected to carefully read the documents.

The Court concludes that defendant has not met his burden of showing that enforcement of the forum selection clause would be unreasonable under the circumstances.[2] Defendant's motion to dismiss this case on the bases of lack of personal jurisdiction and improper venue is denied.

### III. Motion to Transfer Venue Under 28 U.S.C. § 1404

In the alternative, defendant asks the Court to transfer this case to the District of New Jersey, pursuant to 28 U.S.C. § 1404. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is a "strong presumption against transfer" when a valid forum selection clause exists. See IFC Credit Corp. v. Aliano Bros. General Contractors, Inc., 437 F.3d 606, 613 (7th Cir. 2006). Since defendant has waived any objection based on his convenience by agreeing to the forum selection clause, he can overcome the presumption against transfer only if he can show "inconvenience to some third

---

[2] The Court notes that the result would be the same if it analyzed the enforceability of the forum selection clause under federal law. See IFC Credit Corp. v. Aliano Bros. General Contractors, Inc., 437 F.3d 606, 610 (7th Cir. 2006) (stating that a forum selection clause will be enforced under federal law unless "it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract.").

party . . . or to the judicial system itself." See id. (quoting Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 378 (7th Cir. 1990)).

As noted above, defendant states that his witnesses include his wife and the other guarantor under the lease, both of whom reside in New Jersey. While these witnesses likely would consider New Jersey to be more convenient, it appears that transferring this case to the District of New Jersey would only shift the inconvenience to plaintiff and its witnesses, who are located in Illinois.

Nor does defendant show that the interest of the judicial system supports transfer. There is no evidence that the district court in New Jersey has a less congested docket than this court. In addition, Illinois law will govern this case, and, while the district court in New Jersey is certainly capable of applying Illinois law, this court is more familiar with Illinois law. Finally, although defendant notes that non-party First Hudson Hotdogs has a pending bankruptcy action in New Jersey, the court does not find that this factor overcomes the presumption against transfer. The court concludes that defendant has not shown that third parties or the judicial system would be so inconvenienced by litigating this case here as to justify transfer. Defendant's motion to transfer is denied.

**ORDERED:** Defendant's motion to dismiss or in the alternative to transfer [14] is denied. However, given defendant's financial circumstances and the fact that he does not reside in this district, the Court *sua sponte* appoints counsel to represent him in this case. The status hearing is reset to July 8, 2009, at 10:00 a.m. No court appearance is required on June 24, 2009.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED:     June 12, 2009